UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **OTIS R. MAYS** | : | **DOCKET NO. 2:23-cv-0875** |
| **REG. # 21955-041** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SIS OFFICER STALSBY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**ORDER**

Plaintiff filed a motion seeking prospective injunctive relief – access to the law library at Federal Correction Institution at Oakdale ("FCI-O") – which he alleges he has been denied as retaliation for filing claims against prison officials. Doc. 13. After filing this motion, plaintiff was transferred to Federal Transfer Center Oklahoma City (see doc. 15), then to United States Penitentiary- Lewisburg ("USP-Lewisburg") (see docs. 16, 18), where he currently resides.

The transfer of a prisoner out of an allegedly offending institution generally renders his claims for prospective injunctive relief moot. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001) (holding that transfer from unit rendered a prisoner's claims for declaratory and injunctive relief moot).

Plaintiff prays only for prospective injunctive relief. However, since plaintiff is no longer incarcerated at the FCI-O and since he is no longer under the authority of the defendants, his claims for injunctive relief are moot and subject to dismissal for failing to state a claim for which relief may be granted.

Next, plaintiff asks this Court to order FCI-O to transfer his personal belongings, including legal files, to USP-Lewisburg. Doc. 19. This Court will not intervene in the day-to-day prison operations involving the transfer of property. If plaintiff believes that his property was mishandled, he must pursue his claim through the facility's administrative grievance procedures.

Finally, plaintiff requests camera footage, documents and records related to his pending claims. Doc. 20. The Court interprets this to be a motion for discovery and, as this civil action remains on initial review pursuant to 28 U.S.C. §§1915 and 1915A, at this stage in the proceedings, discovery is not necessary to proceed, and this request should be denied.

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motions presently pending before this Court (docs. 13, 19, 20) are **DENIED**.

THUS DONE AND SIGNED in Chambers this 19th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE