UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **OTIS R. MAYS**  **REG. # 21955-041** | : | **DOCKET NO. 2:23-cv-0875**  **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SIS OFFICER STALSBY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court are the original and amended civil complaints [docs. 1, 8] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Otis R. Mays, who is proceeding pro se and in forma pauperis in this matter. Mays is an inmate in the custody of the Federal Bureau of Prisons, currently incarcerated at United States Penitentiary-Lewisburg, ("USP-Lewisburg") but his complaints arise out of incidents that occurred while he was an inmate at the Federal Correctional Institute at Oakdale, Louisiana ("FCI-O"). He names the following as defendants: SIS Officer Stalsby, James Kirkland, Martinez, FCIO, J Morris, Bureau of Prisons, Trull, Iveroy, Carter, John or Jane Doe #1, Gore, Maxie, Kirkland/Kirklin, Dalerm, Lynchered, Mack, Ma'at, Correville, Gillary, and Savoy.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Plaintiff alleges that, on May 31, 2023, SIS Officer Stalsby entered his cell and began to accuse him of stealing from another inmate's cell. Plaintiff maintained that he heard about the

theft incident from the other inmate, "Columbia," but that he was not involved and he did not know who was. Stalsby left and returned with other officers, telling plaintiff that he identified him on the security cameras as the person who stole from inmate Columbia. He was written up and placed in the SHU.

After writing multiple cop-outs requesting that prison officials review the camera footage, plaintiff was allegedly told that, in addition to being in the SHU due to the pending investigation into the theft, he was also in for his own safety as a result of the threat placed on him by inmate Columbia. Plaintiff received a message that Stalsby told Columbia that he had seen plaintiff on camera stealing from his cell. He later learned that he would not be placed back in regular housing, as there was now an immediate risk of him being harmed as a result of stealing from the cartel, a threat that would follow him if he was transferred.

Plaintiff complains that despite numerous grievances to other named defendants, none would investigate the incident.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Mays has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would

entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988). A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. E.g., *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); see also *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of *Bivens* was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.") uc1.1

### C. Application

In his Amended Complaint, plaintiff organizes his claims into ten (10) separate allegations, setting forth the names of each defendant against whom he raises each claim[1]. The Court will address the claims below.

---

[1]Plaintiff states that in addition to the Constitutional violations alleged with respect to each claim, that defendants committed the state tort of negligence. While negligence is a tort cognizable in state law and for which a remedy may lie in state courts, allegations of negligence fail to establish a cognizable claim under § 1983. *Gobert v. Caldwell*, 463

1. Claim 1 – Defendants BOP, FCIO, Martinez (Ma'at), Morris, Carter, John Doe, Trull, Gore, Maxie, Kirklin/Kirkland and Dalerm allegedly violated plaintiff's rights by denying him the opportunity to inventory his personal property.

Plaintiff claims that certain items of his personal property were not properly inventoried or secured, resulting in the loss of that property and inability to file a tort claim.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" *West v. Atkins,* 108 S.Ct. 2250 (1988). Plaintiff's claim implicates the due process clause of the Fourteenth Amendment. The Due Process Clause provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." United States Constitution, Amendment XIV. Here, plaintiff implies that he was deprived of his personal property without due process.

A claim for random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 101 S.Ct. 1908 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. 101 S.Ct. at 1913.

The Due Process Clause does not embrace tort law concepts. Although a litigant may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford such a remedy. *Daniels v. Williams*, 106 S.Ct. 662, 667 (1986). Even in instances where intentional deprivation occurs, as alleged herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated, so long as the deprivation was

---

F.3d 339, 346 (5th Cir. 2006). Accordingly, all claims of negligence on behalf of the defendant should be dismissed for failure to state a claim. The Court will only address the allegations of Constitutional violations.

"random." *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).  This principle (known as the *Parratt/Hudson* Doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 110 S. Ct. 975, 985-86 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations demonstrate that a random and unauthorized deprivation occurred when plaintiff's personal property was either lost or stolen as a result of either the negligence or intentional acts of the defendant(s) who would not allow the property to be properly inventoried. However, since plaintiff's loss was the result of a random and unauthorized deprivation, he is not entitled to relief pursuant to §1983 if adequate state law remedies are available.

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine and should be dismissed as frivolous.

> 2. Claims 3, 4, 7, 8 & 10– Defendants BOP, FCIO, Martinez (Ma'at) Morris, Carter, Iveroy, Maxie, Trull, Kirlin/Kirkland, Lyncherd, and Mack allegedly violated plaintiff's rights by failing to supervise and/or train officers and for failing to prevent an officer from sending plaintiff to the SHU.

Plaintiff also alleges that numerous prison officials failed to train or supervise other prison officials, but offers only bare assertions without supporting facts.  To hold a defendant supervisor liable on a theory of failure-to-train-or-supervise, the plaintiff must show (1) the supervisor either failed to supervise or train the subordinate official, (2) a causal link exists between the failure-to-train-or-supervise and the violation of the plaintiff's rights; and (3) the failure-to-train-or-supervise

amounts to deliberate indifference. *Brauner v. Coody*, 793 F.3d 493, 501 (5th Cir. 2015); *Davidson v. City of Stafford, Texas,* 848 F.3d 384, 397 (5th Cir. 2017).

Plaintiff has failed to allege any facts suggesting a causal link between the defendants' alleged failure-to-train-or-supervise and his claim that Stalsby put him in danger. Deliberate indifference is a "stringent standard of fault," requiring the plaintiff to show "that the official 'disregarded a known or obvious consequence of his action.'" *Id*.  Actions or decisions by officials "that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Id*.  Conclusory allegations of failure-to-train-or-supervise are insufficient to set out a constitutional claim. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Plaintiff has offered only conclusory allegations of numerous defendants' alleged failure-to-train-or-supervise.

An essential element of a failure to supervise/train claim is that the failure amounted to deliberate indifference. To satisfy the deliberate indifference prong, "a plaintiff must usually demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005). "A showing of deliberate indifference requires that the [Plaintiff] show that the failure to train reflects a deliberate or conscious choice to endanger constitutional rights." *Id*.  Here, Plaintiff has not alleged how a particular training program is defective, but rather, his allegations are conclusory in nature and do not present a section 1983 failure-to-train-or-supervise claim against defendants. Those claims are dismissed for the failure to state a claim upon which relief may granted pursuant to 42 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3. Claim 5 & 6 – Defendant SIS Officer Stalsby allegedly violated plaintiff's rights by telling multiple inmates and staff that plaintiff stole from another inmate's cell.

A plaintiff at least states a claim of deliberate indifference to his safety when he alleges "that a prison official intended to cause him serious harm by inciting other inmates to do violence against him." *Purkey v. Green*, 28 F. App'x 736, 745 (10th Cir. 2001); see also, *A.M. ex rel. J.M.K. v. Luzerne Cty. Juv. Det. Ctr.,* 372 F.3d 572, 579 (3d Cir. 2004) ("[C]onduct intended to injure most likely will rise to the level of conscience-shocking."). For this reason, "[w]hen a prison guard incites other prisoners to beat a fellow inmate, 'it is as if the guard himself inflicted the beating as punishment.'" *Jones v. St. Lawrence, No*. CV408-095, 2008 U.S. Dist. LEXIS 115494, 2008 WL 5142396, *5 (S.D. Ga. Dec. 5, 2008) (quoting *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992)); *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir.1991). In asserting this type of claim under the Fourteenth Amendment through an allegation of incitement of inmate violence by a prison guard, the plaintiff will have to establish an inference that he faced "a substantial risk of serious harm" and that the responsible prison official intended that he be harmed or was at least consciously indifferent to his safety. *Jones*, 2008 U.S. Dist. LEXIS 115494, 2008 WL 5142396, at *5 (citing *Farmer v. Brennan*, 114 S. Ct. 1970 (1994)).

In this case, Mays has alleged a wanton disregard for his safety where he claims that SIS Officer Stalsby intended to do him harm by telling inmate Columbia and other inmates and staff that plaintiff was seen on surveillance video stealing from inmate Columbia's cell. At this stage of the proceedings, it appears that plaintiff has at least stated a claim worthy of further proceedings. As one circuit court has held, a prisoner's allegation that a correctional officer has endangered his life by exposing him to a real threat of inmate attack is "sufficient to carry [the] cause of action through the service of process stage." *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984).

This claim should be allowed to proceed, at least beyond this review for frivolousness and will be addressed in a separate Order.

> 4. Claim 9 – Defendants Martinez/Ma'at, Iveroy, Morris, Carter, Lynchered, Mack, Maxie, Kirlin/Kirkland and Trull allegedly violated plaintiff's rights by failing to intervene when they were aware that defendant Stalsby spread lies about him.

Plaintiff complains that despite sending "cop outs" to the defendants and complaining about the situation involving Stalsby, they either refused to respond to him or told him thy would not review the camera footage and intervene for him. Doc. 8, p. 9. This claim fails as it does not demonstrate personal involvement in any alleged constitutional violations on the part of these defendants. *See Cervantes v. Sanders*, 2:98cv187, 1998 U.S. Dist. LEXIS 10887 (N.D.Tex., July 13, 1998) (reading or responding to prisoner's grievance does not show personal involvement by prison official); *Welch v. Grounds*, 5:11cv200, 2013 U.S. Dist. LEXIS 46081 (E.D.Tex., February 14, 2013), report adopted at 2013 U.S. Dist. LEXIS 40866 (E.D.Tex., March 22, 2013) (correspondence sent to prison administrators does not create liability based on alleged personal knowledge of the matters contained in that correspondence). Plaintiff is challenging the failure of the defendants to act upon his grievances and correspondence. He has no constitutionally protected liberty interest in having grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Accordingly, this claim is without merit.

## III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the following defendants be **DISMISSED WITH PREJUDICE:** Martinez, FCIO, J Morris, Bureau of Prisons, Trull, Iveroy, Carter, John or Jane Doe #1, Gore, Maxie, Kirkland/Kirklin, Dalerm, Lynchered, Mack, Ma'at, Correville, Gillary, and Savoy.

**IT IS FURTHER RECOMMENDED** that all claims of negligence are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that all claims, other than the claim that SIS Officer Stalsby intended to cause him serious harm by inciting other inmates to do violence against him, should be **DISMISSED WITH PREJUDICE**[2].

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of October, 2023.



KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] The claim against Officer Stalsby will be addressed in a separate Order.